UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANIBAL G. MALDONADO JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01029-TWP-MPB |
| ) | |
| TIMOTHY HUNTER, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DISMISSING COMPLAINT AND PROVIDING OPPORTUNITY TO AMEND**

### I.   Motion to Proceed *in Forma Pauperis*

Plaintiff Anibal Maldonado Johnson, an inmate at Miami County Jail, has filed a motion to proceed *in forma pauperis*. The Court does not have sufficient information to rule on this motion. Maldonado Johnson must provide a copy of the transactions associated with her inmate trust account for the six months preceding this action by **May 21, 2021**. Failure to meet this deadline may result in the dismissal of the action for failure to prosecute.

### II.   Screening Standard

Maldonado Johnson brings this action alleging that she was injured in violation of Indiana tort law. Because Maldonado Johnson is a "prisoner," as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen the complaint before service on the defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

### III.    The Complaint

Maldonado Johnson has filed a document titled "Tort Claims Notice by Anibal G. Maldonado Johnson." Dkt. 1. This document, which the Court construes as a complaint, states that Maldonado Johnson was injured on November 6, 2020, between 2:30 p.m. and 4:00 p.m. *Id.* This injury allegedly occurred when "[j]ail staff failed to exercise safety and control [p]rotocol resulting in emotional pain and suffering, [b]odily injury, mental pain and suffering." *Id.* The complaint does not identify these staff members by name, nor does it describe their actions in detail. It is also not clear what bodily injuries Maldonado Johnson suffered as a result of their conduct.

### IV.    Discussion

Based on the screening standard set forth above, Maldonado Johnson's complaint is **dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted**. The complaint does not purport to state a federal claim, alleging instead an unidentified Indiana tort claim. Without a claim arising under federal law, or an allegation of diversity—that is to say, an allegation that none of the opposing parties are residents of the same state—the Court has no jurisdiction over this lawsuit.

Even construing the complaint liberally, the Court does not discern a federal claim. To state a federal claim under 42 U.S.C. § 1983, Maldonado Johnson must identify the defendants who were personally involved in a violation of her federal civil rights. She must also provide a short

2

and plain statement of the facts that entitle her to relief. The complaint's allegation that "[j]ail staff failed to exercise safety and control [p]rotocol" does not provide sufficient detail to state a federal claim.

## V. Opportunity to Amend

At this time, the dismissal of the complaint will not lead to the dismissal of the action. Instead, the Court will provide Maldonado Johnson with an opportunity to file an amended complaint. The Court will also send Maldonado Johnson a copy of a prisoner complaint form. Maldonado Johnson should use this form if she chooses to file an amended complaint.

The amended complaint will completely replace the original. Therefore, it must set forth every defendant, factual allegation, legal claim, and request for relief. The amended complaint must include the proper case number, 1:21-cv-1029-TWP-MPB, and the words "Amended Complaint" at the top.

Maldonado Johnson has through **May 21, 2021**, to file an amended complaint. The failure to meet this deadline will result in the dismissal of the action without further warning or ability to show cause.

The **clerk is directed** to send Maldonado Johnson a copy of a prisoner complaint form.

**IT IS SO ORDERED**.

Date: 4/30/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANIBAL G. MALDONADO JOHNSON
MIAMI COUNTY JAIL
1104 West 200 North
Peru, IN 46970

3